IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-18-FL

| | |
|---|---|
| HILDA RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| VICKIE ROBERTS, Member Svcs Chief; ) | |
| DAN FOWELL; KRISTEN BIERLINE, ) | |
| HR director; NC DEPARTMENT OF ) | |
| STATE TREASURER; and JOSEPHINE ) | |
| STITH, HR Generalist, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on plaintiff's motion for extension of time for service, (DE 30), defendant Kristen Beirline's ("Beirline") motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), (DE 26), as well as remaining defendants' motion to dismiss pursuant to the same, (DE 38). No responses have been filed regarding the three motions, and the time to file such responses regarding the first two motions have expired. For the reasons that follow, plaintiff's motion is granted and defendants' motions are denied.

**BACKGROUND**

Plaintiff, proceeding pro se, filed motion for leave to proceed in forma pauperis, along with proposed complaint and summonses, on January 22, 2018. Magistrate Judge James E. Gates recommended that the motion be denied, and the court adopted the report and recommendation, ordering the plaintiff to pay the appropriate filing fee by April 5, 2018. On April 11, 2018, the filing

fee was paid, and plaintiff's complaint was filed the following day, alleging unlawful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

After 90 days had passed, the court issued notice to plaintiff for failure to make service within 90 days to all defendants, to which plaintiff responded. The court issued text order August 6, 2018, in which the court held that due to deaths in plaintiff's family and her misunderstanding regarding her responsibility to prosecute her case, among other reasons, good cause had been shown and plaintiff's service deadline was extended to September 3, 2018.

On September 17, 2018, an attorney, Abraham P. Jones ("Jones"), sent letter to the court requesting an extension of time for service to be completed. On October 11, 2018, the court issued text order, allowing plaintiff until November 5, 2018 to either effect and prove service on the docket of this cause or show by that date what cause exists for continued maintenance of the case on the court's active docket in light of repeated failure to make service. Thereafter, on October 30, 2018, attorney Jones filed notice of appearance on behalf of plaintiff.

On October 30, 2018, plaintiff filed motion for extension of time for service, which the court granted on November 2, 2018, extending the service deadline to November 30, 2018. Also on November 2, 2018, Sam Hayes ("Hayes"), General Counsel for the Department of State Treasurer, received a package from Jones's law office addressed to Hayes, via certified U.S. mail. The package contained multiple items, which have been submitted to the court, including correspondence from Jones to Hayes, a copy of plaintiff's complaint, and a summons issued to defendant Bierline. In the correspondence, plaintiff's counsel indicated his intent to serve the four individual defendants in their official capacities by this mailing. (See DE 29-2 at 1 ("Please find enclosed official service for the four individuals listed as follows . . . . in their official capacities within the NC Department

2

of State Treasurer.")). Defendant Bierline is not currently employed by the Department of State Treasurer, having left her employment with that agency in early 2017.

On November 23, 2018, defendant Bierline filed the instant motion to dismiss, arguing insufficient service of process. Plaintiff filed no direct response. Instead, on November 29, 2018, plaintiff filed the instant motion for extension of time for service, seeking extension to effect service of process to January 31, 2019. The only reasons offered for extension are as follows:

> Plaintiff requests this time because it appears that one of the defendants, Kristen Bierline, no longer works at the NC Department of State Treasurer. As to the remaining defendants, Plaintiff is re-issuing and re-serving the summons and complaint to fully comply with the requisite rules of service, but needs the additional time to effect proper service.

(DE 30).

On December 22, 2018, remaining defendants filed the third motion now before the court wherein they also seek dismissal on basis of insufficient service of process, where "[d]efendants did not receive copies of the summons and complaint in this action until December 3, 2018, more than ten months after Plaintiff originally attempted to initiate this case, and three days after the latest extension of time authorized by the Court." (DE 39 at 4).

## DISCUSSION

A.      Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process. "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are to be followed, and plain

requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process has been properly served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

B.  Analysis

Proper service of process (or waiver of service under Rule 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

A party may effect service on an individual under Federal Rule of Civil Procedure 4(e)(1) by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." and on a state or local government under Federal Rule of Civil Procedure 4(j)(2) by "delivering a copy of the summons and of the complaint to its chief executive officer; or . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

In relevant part, the North Carolina Rules of Civil Procedure permit service upon an individual "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen.Stat. § 1A–1, Rule 4(j)(1)(c) (emphasis added). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F.Supp.2d 570, 573 (M.D.N.C.2004). In order to serve an officer or employee of the State, state law requires that service be made upon an officer of the State by delivery of process to their designated agent or, absent designation of an agent, delivery of process to the North Carolina Attorney General or to a special deputy or assistant attorney general. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4).

4

It appears undisputed, taking into consideration plaintiff's instant motion for extension of time to complete service, that plaintiff has failed to timely effect service on defendants. Here, summons was issued to defendant Bierline but was received by Hayes. Because defendant Bierline is no longer employed by the Department of State Treasurer, it could not be delivered to her there. Defendant Bierline does not have an agent for service of process, and Hayes is, therefore, not a proper person to accept service on her behalf. Regarding defendant Bierline in her official capacity, service of process was directed to the process agent for defendant Bierline's former employer and not a person who was designated to accept service on her behalf. Finally, regarding the remaining defendants, it appears that "[d]efendants did not receive copies of the summons and complaint in this action until December 3, 2018," which was after the court's latest extension of service deadline to November 30, 2018. (See DE 39 at 4).

Plaintiff's counsel has not provided good cause for the delay in effecting service. In an unpublished case, the United States Court of Appeals for the Fourth Circuit noted six factors that district courts consider to determine good cause for an extension of time to serve process: 1) whether the delay was outside plaintiff's control; 2) whether the defendant was evasive; 3) whether the plaintiff acted diligently or made reasonable efforts to serve process; 4) whether the plaintiff is pro se or in forma pauperis; 5) whether the defendant would be prejudiced by an extension; and 6) whether the plaintiff asked for an extension of time before the deadline. Scott v. Md. State Dep't of Labor, 673 Fed.Appx. 299, 306 (4th Cir. 2016).

Here, plaintiff has retained counsel, and there is no indication defendants were evasive. In addition, plaintiff's counsel was the cause of failure to effectuate timely service, and there is no indication plaintiff's counsel acted diligently, as discussed below.

Plaintiff's counsel waited at least 46 days after initially informing the court that he had been retained and that "[t]he first thing I noticed is apparently the suit was not served while it was being handled pro se," (DE 18), before submitting to Hayes, defendant Bierline's <u>former</u> employer, a copy of plaintiff's complaint, and a summons issued only to defendant Bierline, indicating this one summons would somehow serve as summons issued to all defendants. (<u>See</u> DE 29-2 at 1 ("Please find enclosed official service for the four individuals listed as follows . . . . in their official capacities within the NC Department of State Treasurer.")). In requesting a further extension of time to effectuate service properly, plaintiff's counsel has only offered that more time is needed in that he has now discovered defendant Bierline is no longer employed at the NC Department of State Treasurer and that plaintiff "needs the additional time to effect proper service" on the remaining defendants, (DE 30), offering no indication why plaintiff's counsel would think one summons for one defendant would be sufficient to effectuate service on three other individual defendants.

Rule 4(m) vests in the court the power to extend time on its own, even where the plaintiff cannot show good cause. The commentary to the 1993 amendments to the Federal Rules of Civil Procedure (the "1993 amendments"), the set of amendments that enacted Rule 4(m) as it reads today, clearly evidences the committee's intent that the court be allowed "to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m), 1993 advisory committee notes. That the court is allowed to extend the plaintiff's time to effect service without a showing of good cause also is supported, if not explicitly confirmed, by <u>Henderson v. United States</u>, 517 U.S. 654 (1996). There, the Court observed that "Rule 4(m) . . . permits a district court to enlarge the time for service 'even if there is no good cause shown.'" <u>Id.</u> at 658 n.5 (quoting Fed. R. Civ. P. 4(m), 1993 advisory committee notes). In addition, the courts of appeals are in near unanimous agreement as to the same. <u>See</u> <u>Horenkamp v. Van Winkle & Co.</u>,

402 F.3d 1129, 1132 (11th Cir. 2005) (collecting cases); see also id. at 1132 n.3 (noting district courts in circuits that have not addressed the question also have reached similar results).

It does not appear that the Fourth Circuit has squarely addressed this issue. Previously, the Fourth Circuit has held that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." Mendez v. Elliot, 45 F.3d 75, 77–78 & n.* (4th Cir. 1995). However, in the present context, that holding lacks precedential authority, where the court's holding actually interprets Rule 4(j), Fed. R. Civ. P.(1991). See Bolus v. Fleetwood RV, Inc., 308 F.R.D. 152, 156 (M.D.N.C. 2015) (holding Mendez does not control proper interpretation of Rule 4(m), as enacted by the 1993 amendments); Velcovich v. Consol Energy, Inc., No. 5:07-CV-113, 2008 WL 4415428, at *8–9 (N.D. W. Va. Sept. 25, 2008) (same); see also, e.g., Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 596–97 (M.D.N.C. 2005) (holding that Henderson "undermines the continuing validity of Mendez's mandated dismissal absent a showing of good cause," and granting plaintiff an extension of time accordingly); but see, e.g., Chen v. Mayor & City Council of Balt., 292 F.R.D. 288, 291–92 (D. Md. 2013) (applying the Mendez good-cause rule, despite spending considerable space discussing the fact that Mendez was based on an "erroneous assumption"). Additionally, the Fourth Circuit has stated in unpublished opinion a rule contrary to Mendez. See, e.g., Hansan v. Fairfax Cty. Sch. Bd., 405 Fed.Appx. 793, 793–94 (4th Cir.2010).

"In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (citing Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir.1998)).

As stated above, plaintiff's counsel has not demonstrated good cause for failure to effectuate service on defendants and therefore an extension is not required under Rule 4(m). The court additionally notes that this is not the first time the court has had to admonish plaintiff's counsel for failure to follow the applicable rules. See Yates v. Davis, No. 4:18-CV-1-FL, 2018 WL 6531641, at *2 (E.D.N.C. Dec. 12, 2018) ("Plaintiff's disregard for the controlling federal rules, prior scheduling orders, local rules of the court, in addition to plaintiff's refusal to seek opposing counsel's consent or leave of the court, warrant granting current defendants' motion to strike and denying as moot plaintiff's motion for extension of time.").

However, the court is reluctant to inflict counsel's oversight on his client under the facts of this particular case and in that counsel filed for motion for extension within the deadline set by the court. Additionally, although beyond the extensions granted by the court, all defendants except defendant Bierline have been served, and all defendants have actual notice of the lawsuit. Finally, there is no evidence to suggest that defendants would be unfairly prejudiced by this extension.

## CONCLUSION

Based on the foregoing, plaintiff's motion for extension of time for service, (DE 30), is GRANTED. Defendants' motions to dismiss, (DE 26, DE 38), are DENIED. The court allows plaintiff until January 31, 2019 to effect and prove service on the docket regarding this cause of action. No further motions for extension of time for service made by plaintiff will be granted.

SO ORDERED, this the 7th day of January, 2019.

LOUISE W. FLANAGAN
United States District Judge