IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-18-FL

| | | |
|---|---|---|
| HILDA RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICKIE ROBERTS, Member Svcs Chief; | ) | ORDER |
| DAN FOWELL; KRISTEN BIERLIN, HR | ) | |
| Director; NC DEPARTMENT OF STATE | ) | |
| TREASURER; and JOSEPHINE STITH, | ) | |
| HR Generalist, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Kristen Bierlin's ("Bierlin") motion to dismiss (DE 47) as well as remaining defendants' motion to dismiss (DE 45). Also before the court is defendants' motion to strike (DE 53) and plaintiff's motion to seal (DE 51). Plaintiff filed response in opposition to defendants' motions to dismiss but has not responded to defendants' motion to strike. The time to do so has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants defendants' motions and plaintiff's motion.

**STATEMENT OF THE CASE**

As previously stated by the court, plaintiff, proceeding pro se, filed motion for leave to proceed in forma pauperis, along with proposed complaint and summonses, on January 22, 2018. Richardson v. Roberts, 355 F. Supp. 3d 367, 369 (E.D.N.C. 2019). Magistrate Judge James E. Gates recommended that the motion be denied, and the court adopted the report and recommendation, ordering the plaintiff to pay the appropriate filing fee by April 5, 2018. On April 11, 2018, the filing

fee was paid, and plaintiff's form complaint was filed the following day, alleging unlawful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"), based on disability discrimination. (See Compl. (DE 8)).

Thereafter, the court issued notice to plaintiff for failure to make service within 90 days to all defendants, to which plaintiff responded. The court issued text order August 6, 2018, in which the court held that due to deaths in plaintiff's family and her misunderstanding regarding her responsibility to prosecute her case, among other reasons, good cause had been shown and plaintiff's service deadline was extended to September 3, 2018.

On September 17, 2018, an attorney, Abraham P. Jones ("Jones"), sent letter to the court requesting an extension of time for service to be completed. On October 11, 2018, the court issued text order, allowing plaintiff until November 5, 2018 to either effect and prove service or show by that date what cause existed for continued maintenance of the case on the court's active docket in light of repeated failure to make service.

On October 30, 2018, Jones filed notice of appearance on behalf of plaintiff as well as another motion to extend time for service, seeking an extension through November 30, 2018, which the court granted.

On November 23, 2018, defendant Bierline filed motion to dismiss, arguing insufficient service of process. Plaintiff filed no direct response. Instead, on November 29, 2018, plaintiff filed another motion for extension of time for service, seeking extension to effect service of process to January 31, 2019. On December 22, 2018, remaining defendants also filed motion to dismiss, arguing insufficient service of process.

On January 7, 2019, the court granted plaintiff's motion for extension of time and denied

defendants' motions to dismiss, allowing plaintiff until January 31, 2019, to effect and prove service on the docket regarding this action. See Richardson, 355 F. Supp. 3d at 372. The court held that although "plaintiff's counsel has not demonstrated good cause for failure to effectuate service on defendants and therefore an extension is not required under Rule 4(m) . . . . the court is reluctant to inflict counsel's oversight on his client under the facts of this particular case and in that counsel filed for motion for extension within the deadline set by the court," noting "all defendants except defendant Bierline have been served" and "all defendants have actual notice of the lawsuit." Id.

Thereafter, plaintiff sought the reissuance of a summons for the defendant Bierline, and summons was reissued on January 30, 2019. (DE 44). According to the online records of the U.S. Postal Service, plaintiff mailed a copy of the newly-issued summons and complaint to defendant Bierline by certified mail on January 30, 2019. (DE 48-2). Defendant Bierline received the package containing the summons and complaint on February 1, 2019. (Id.).

Defendants Vickie Roberts ("Roberts"), Dan Fowell ("Fowell"), Josephine Stith ("Stith"), and North Carolina Department of State Treasurer ("Treasurer") filed instant motion to dismiss on February 11, 2019, arguing plaintiff's complaint should be dismissed because 1) Title VII does not provide relief for a claim for discrimination based on disability, 2) plaintiff's claim is time-barred, 3) plaintiff fails to state a claim upon which relief can be granted, and 4) any claim against defendant Fowell should be dismissed with prejudice. (DE 45). Defendant Bierline filed instant motion to dismiss on February 13, 2019. (DE 47). In addition to the same arguments made by the other defendants in their motion to dismiss, defendant Bierline argues plaintiff has failed to obtain proper service of process on defendant Bierline as directed by the court.

In response in opposition, plaintiff made two filings. First, via counsel, plaintiff filed

3

opposition on March 5, 2019, arguing 1) this case is not one appropriate for dismissal where "there are key genuine issues of material fact, which go to the heart of the ADA" and 2) service has been effective as to defendant Treasurer, for whom defendant Bierline works, thus "[t]here is no substantive argument for lack of service." (DE 50 at 1-2).

On the same day, plaintiff also filed affidavit, via counsel, in opposition to defendants' motion to dismiss, attaching 1) notice of self representation, 2) letter from Sarah H. Hodges, MD, concerning plaintiff's hearing loss, and 3) letter from defendant Treasury stating in part the department separated plaintiff from employment effective June 20, 2016.

On March 19, 2019, defendants filed unified reply in response to plaintiff's opposition to defendants' motions to dismiss as well as instant motion to strike plaintiff's affidavit or, in the alternative, exclude affidavit and exhibits. (DE 53). Plaintiff filed no response to defendants' motion to strike.

## STATEMENT OF THE FACTS

Plaintiff alleges the followings facts. Plaintiff brings this action pursuant Title VII, alleging she was unlawfully terminated from her position with the North Carolina "Retirement Systems Division." (Compl. (DE 8) ¶ 2). Plaintiff alleges she was employed there from March 22, 1999 to June 20, 2016. Plaintiff further alleges she was discriminated against in September 2015, based on "disability," described as follows: "Disability - severe loss of hearing in left ear. The employer 'never tried' or 'considered' any type of accommodation for my disability.'" (Id. ¶¶ 6, 9). Plaintiff alleges she filed charge with the Equal Employment Opportunity Commission ("EEOC") concerning this discrimination on December 16, 2016, and that she received EEOC's notice of right to sue letter

4

on October 25, 2017.[1]

## DISCUSSION

A.  Standard of Review

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Courts must liberally construe pro se complaints, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loan Servicing, LP, 867 F. Supp.2d 766, 776 (E.D.N.C. 2011). "The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

---

[1] Although directed by the form complaint to do so, plaintiff did not attach a copy of this right to sue letter with complaint.

B.  Analysis

    1.  Defendants' Motion to Strike (DE 53)

In reviewing a complaint under Rule 12(b)(6), the court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (internal citations omitted). The court may also "take judicial notice of matters of public record." Id. Rule 12(d) provides if matters outside the pleadings are presented to the court and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

Affidavit and documents submitted by plaintiff were not referenced in plaintiff's complaint and are not integral to plaintiff's complaint. Plaintiff made no reference to these documents nor any other documents, except plaintiff's filing with the EEOC and the EEOC's notice of right to sue, neither of which have been submitted to the court. Additionally, it appears that plaintiff, instead of filing amended complaint after securing counsel, seeks to cure any complaint deficiencies by filing affidavit and documentation, independent of any motion or request for the court to so consider.

The court cannot consider the extrinsic documents without converting the pending motions to dismiss into motions for summary judgment. The court declines to so do, particularly where as here defendants oppose such a conversion and plaintiff makes no specific argument in support of such a conversion.[2]

Therefore, defendants' motion to strike is granted.

---

[2] Plaintiff, via counsel, attached with plaintiff's affidavit a notice of self representation. Because plaintiff's counsel has filed additional briefing and motion on behalf of plaintiff and because plaintiff's counsel has not filed motion to withdraw, it is unclear what is intended by this filing.

2. Defendants' Motions to Dismiss (DE 45, DE 47)

a. Claim at Issue

The form complaint filed by plaintiff, then proceeding pro se, states that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." (Compl. (DE 8) ¶ 3). However, plaintiff has made no allegations regarding discrimination based on race, religion, sex, or national origin, as required under Title VII. See 42 U.S.C. § 2000e, et seq. Rather, plaintiff alleges only that she was subject to discrimination on the basis of an alleged disability. Therefore, the court will construe plaintiff's sole claim in this action as one brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and not as a claim brought pursuant to Title VII. However, even so construed, plaintiff's claim is barred as untimely and for failure to state a claim upon which relief can be granted.

b. Timeliness of Claim at Issue

Charges filed with the EEOC must be filed within 180 days of each discrete adverse employment action described in the complaint or within 300 days of such when plaintiff had previously filed with certain state authorities. See, e.g., 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred").

Here, plaintiff alleges the discriminatory conduct which is the basis for her claim occurred in September 2015. (Compl. (DE 8) ¶ 8). She further alleges that she made her charge to the EEOC on or about December 16, 2016, more than 440 days after the alleged discriminatory activity. (Id. ¶ 11). Because plaintiff's charge to the EEOC was not made in a timely fashion and plaintiff does

not allege a later discriminatory action, her claim under the ADA cannot be sustained.

    c.  Failure to State a Claim

Even if plaintiff's claim was timely, plaintiff has failed to state a claim upon which relief can be granted. The ADA "prohibits employers from 'discriminating against a qualified individual on the basis of disability in regard to the hiring, advancement, or discharge of employees.'" Gentry v. E. W. Partners Club Mgmt. Co. Inc., 816 F.3d 228, 236 (4th Cir. 2016) (quoting 42 U.S.C. § 12112(a)). "To establish a claim for disability discrimination under the ADA, a plaintiff must prove (1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that her employer discharged her (or took other adverse employment action) because of her disability." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 572 (4th Cir. 2015) (citation omitted).

Regarding plaintiff's disability, plaintiff alleges only that she has "severe loss of hearing in left ear." (Compl. (DE 8) ¶ 9). This allegation without any factual support is not sufficient to establish that plaintiff was "disabled" within the meaning of the ADA or that she is a "qualified individual."

Additionally, plaintiff makes no allegation that she was discharged. She alleges that her employment ended on June 20, 2016, (Compl. (DE 8) ¶ 5), but she did not check a box in the complaint form to indicate how her employment ended or provide any further facts or details regarding the end of her employment. Further, plaintiff alleges that the discriminatory activity took place in September 2015, more than nine months before the end of her employment, indicating no apparent relationship between the alleged improper act and the end of her employment.

As to the circumstances of her discharge and whether there was a reasonable inference of

discrimination, plaintiff makes no allegations that address those issues. There is no explanation regarding the end of her employment or how it occurred. Plaintiff's only allegation is that a discriminatory act took place in September 2015, but she does not state what that act was or how it relates to the end of her employment. See, e.g., King v. Rumsfeld, 328 F.3d 145, 151 n.5 (4th Cir. 2003) (concluding in claim for retaliation context, a ten-week gap between protected activity and termination "gives rise to a sufficient inference of causation" but was "sufficiently long so as to weaken significantly the inference of causation between the two events").

To adequately allege a claim for failure to accommodate, a plaintiff must allege facts to show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (citation omitted).

As discussed above, plaintiff has not alleged sufficient facts to show that she is disabled. With respect to the second and third elements, plaintiff alleges no facts related to whether defendants had notice of her alleged disability or whether she would be able to perform the functions of her position with a reasonable accommodation. Finally, with respect to whether defendants refused to make a reasonable accommodation, plaintiff alleges that, "[t]he employer 'never tried' or 'considered' any type of accommodations for my disability." (Compl. (DE 8) ¶ 5). However, plaintiff does not elaborate on this singular statement and provides no additional facts in support.[3]

---

[3] The court in this instance declines to grant defendant Bierline's motion to dismiss based on her argument that plaintiff has failed to obtain proper service of process on defendant Bierline where defendant was properly served two days beyond that which the court ordered, all defendants had and have actual notice of the lawsuit, and where there is no evidence to suggest defendant Bierline would be unfairly prejudiced by the court so holding.

        d.        Defendant Fowell

Plaintiff has named defendant Fowell, State Treasurer of North Carolina, as defendant in this action. His name appears in the caption of the complaint and summons was issued in his name, but the complaint makes no mention of him. Plaintiff alleges that her employment ended in June 2016. (Compl. (DE 8) ¶ 5). Defendant Fowell argues he had not been elected at that time and therefore could have had no role in plaintiff's employment, the end of her employment, or whether a reasonable accommodation was or was not afforded to her. (See DE 46 at 10). Plaintiff does not respond to this argument. Plaintiff's claim against defendant Fowell is dismissed with prejudice.

    4.        Plaintiff's Motion to Seal (DE 51)

Although plaintiff's counsel was directed through notice of deficiency that plaintiff's motion to seal was incorrect in light of Local Civil Rule 7.1(e) and counsel has failed to rectify the deficiency, the court grants plaintiff's motion to seal for good cause shown.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to strike (DE 53) and plaintiff's motion to seal (DE 51). The clerk is DIRECTED to maintain as seal docket entry 49-2. The court GRANTS defendant Bierline's motion to dismiss (DE 47) and remaining defendants' motion to dismiss (DE 45), dismissing with prejudice plaintiff's claim against defendant Fowell and dismissing without prejudice plaintiff's claim against remaining defendants arising under the ADA. Because the deficiencies in plaintiff's complaint may be curable by amendment, the court grants plaintiff leave to file an amended complaint within 21 days of the date of this order. If plaintiff seeks to amend in this manner, plaintiff shall also file notice clarifying if plaintiff proceeds pro se

or with counsel. If plaintiff elects to proceed pro se, counsel must file motion to withdraw from this case. In the event no amended complaint is timely filed, the clerk is DIRECTED to enter final judgment closing this case, and dismissing the complaint with prejudice, based upon the decision herein.

    SO ORDERED, this the 8th day of May, 2019.

                                          LOUISE W. FLANAGAN
                                          United States District Judge